IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Bankr. No. 17-20543-JAD |
| DAVID H. ZIMMER, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | X | |
| | ) | |
| DANIEL PETER MORRIS | ) | Adv. Pro. 17-2195-JAD |
| and LUCILLE AIOSA MORRIS, | ) | |
| | ) | Related to ECF Nos. 50 and |
| Plaintiffs, | ) | 53 |
| | ) | |
| - v - | ) | |
| | ) | |
| DAVID H. ZIMMER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | X | |

## MEMORANDUM OPINION[1]

Before the Court is the defendant's *Motion to Dismiss Adversary Proceeding* (the "Motion to Dismiss"). The Motion to Dismiss asserts that the Plaintiffs' adversary complaint should be dismissed because it is not "clear and concise" as required by Fed.R.Bankr.P. 7008 (which incorporates Fed.R.Civ.P. 8).

The Motion to Dismiss further avers that, pursuant to Fed.R.Bankr.P. 7019 (which incorporates Fed.R.Civ.P. 19), this adversary proceeding should be dismissed because the Plaintiffs failed to join the Client Protection Fund for the

---

[1] The Court has the requisite subject-matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. These matters are also core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(A), (I) and (O).

1

Bar of Maryland (or the "Fund") as a "necessary and indispensable" party.

Also before the Court is the Plaintiffs' motion styled as a *"Motion of Creditors & Adversary Plaintiffs [. . .] to Withdraw Authorization [ . . .] Permitting Defendant to Seek Discovery of Plaintiff's PACER Activity [. . .] and to Strike 1st Affirmative Defense [. . .]"* (the "PACER Motion").[2]

The gist of the PACER Motion is that one of the defenses averred by the debtor to this adversary proceeding is that any debt due Mr. & Mrs. Morris was discharged in Mr. Zimmer's prior bankruptcy case (which was filed in the United States Bankruptcy Court for the Southern District of Florida at Bankruptcy Case No. 05-31723).

In essence, even though Mr. & Mrs. Morris were not listed as creditors in the Florida bankruptcy case, Mr. Zimmer suggests (without citation to legal authority) that the Morris debt was discharged because the Morris Plaintiffs allegedly had actual knowledge of the Florida bankruptcy case and took no action to except the debt at issue from discharge.

Apparently, Mr. Zimmer believes that Mr. Morris' PACER activity will prove such knowledge and, given these contentions, this Court previously authorized discovery of the same. Mr. Morris, however, has voluntarily produced his alleged PACER activity. Given this production, his PACER Motion seeks to short-circuit the direct discovery sought (or to be sought) by Mr. Zimmer.

---

[2] The title of the motion filed by the Plaintiffs has been shortened as a courtesy and convenience for the readers of this Memorandum Opinion.

2

For the reasons set forth below, an order shall be entered that denies both the *Motion to Dismiss* and the *PACER Motion*. In addition, pursuant to 11 U.S.C. § 105(a), an order shall also be entered that partially stays this adversary proceeding pending the outcome of certain collateral proceedings which are pending or might be commenced by the parties.

1. With respect to whether the Plaintiffs' amended complaint states a claim, the undeniable answer is that it does.

2. The gravamen of the complaint is that Mr. & Mrs. Morris are seeking a determination that the debt due them from Mr. Zimmer is non-dischargeable. In fact, the Amended Complaint avers, among other things, that the debt owed to the Plaintiffs "results from an act of larceny committed" by Mr. Zimmer. The Amended Complaint then recites, at length, the judgments obtained by the Plaintiffs against Mr. Zimmer, as well as the alleged conviction of Mr. Zimmer for the crime of larceny.

3. Given the extensive pleading filed by Mr. & Mrs. Morris, the Court concludes that the Plaintiffs have stated a claim for non-dischargeability against Mr. Zimmer pursuant to 11 U.S.C. §§ 523(a)(2)(fraud), 523(a)(4)(larceny, embezzlement and/or defalcation while a fiduciary), and 523(a)(6)(willful and malicious injury to property of another).

4. As such, any request to dismiss the complaint, as amended, for failure to state a claim is denied.

5. In addition, while it is true that Fed.R.Civ.P. 8, requires that a

pleading contain a "short and plain" statement of a claim for relief, Fed.R.Bankr.P. 7009 (which incorporates Fed.R.Civ.P. 9) further requires that claims based on fraud be plead with particularity. See Fed.R.Civ.P. 9(b). This enhanced particularity requirement is met by the Plaintiffs' Amended Complaint and the *Motion to Dismiss* filed by the Defendant is denied on this basis.

6. Moreover, the length and breadth of the Plaintiffs' pleading does not prevent the Defendant from framing a defense, as the arguments of counsel for the Defendant clearly demonstrate that Mr. Zimmer fully understands the causes of action being asserted against him. See Baicker-McKee et al., Federal Civil Rules Handbook 351 (Thompson Reuters 2015)(highlighting the fact that Fed.R.Civ.P. 8 "requires pleaders to give their opponents fair notice of their claim and the grounds for which it rests").

7. As it relates to the Client Protection Fund of Maryland, the Defendant also avers that the Fund is a "necessary and indispensable party" to the litigation and, as a result, the lawsuit should be dismissed due to the Plaintiffs' failure to join the Fund as a party.

8. The gist of the claim of lack of joinder is that there is a controversy as to which person or entity owns the debt that is the subject of this adversary proceeding.

9. The background of this case is that as a result of Mr. Zimmer's transgressions, Mr. & Mrs. Morris lodged a claim with the Client Protection Fund of Maryland. The Fund, in turn, remitted $67,625 to Mr. & Mrs. Morris. As a

result of both this payment and a written agreement entered into between Mr. & Mrs. Morris and the Fund, the Client Protection Fund of Maryland became subrogated to Mr. & Mrs. Morris—but only to the extent of the payment of $67,625.

10. The Court would note that Mr. & Mrs. Morris hold judgments against Mr. Zimmer in amounts in excess of the sums paid by the Client Protection Fund. As such, the amounts due the Morris parties remain subject to the instant adversary proceeding.

11. Each of these judgments in favor of the Plaintiffs are referenced in the various filings and/or proofs of claim filed by the Morris Plaintiffs in this bankruptcy case. One of those judgments was entered in the New York state court system and another in the United States District Court for the Southern District of New York (collectively, the "<u>Judgments</u>"). This Court observes that such Judgments were entered prior to the Fund remitting $67,625 to Mr. & Mrs. Morris.

12. The Debtor has admitted that any sums due the Fund are non-dischargeable, which admission was included in a settlement stipulation and approved by the Court at Adversary Proceeding No. 17-02157-JAD.

13. In addition, on May 31, 2018, the Client Protection Fund of Maryland filed a lawsuit against Mr. & Mrs. Morris in this Court at Adversary Proceeding No. 18-2094-JAD, seeking declaratory relief as to (a) the relative rights and obligations of any debt due from Mr. Zimmer to the Fund, and (b) the

relative rights and obligations under the subrogation agreement between the Client Protection Fund of Maryland and Mr. & Mrs. Morris. In essence, the Client Protection Fund of Maryland has alleged in the declaratory judgment action that until such time it is repaid $67,625, the Plaintiffs are prevented by their agreement with the Client Protection Fund of Maryland from impeding the Fund's ability to collect any obligations now due it from Mr. Zimmer.

14. Given this controversy, the Defendant Mr. Zimmer suggests that the Client Protection Fund is a "necessary and indispensable" party pursuant to Fed.R.Civ.P. 19, and that the instant adversary proceeding should be dismissed because the Plaintiffs failed to join the Fund as a party.

15. Fed.R.Civ.P. 19(a) defines who is a "required party."

16. Fed.R.Civ.P. 19(a)(1)(A) clearly states that this rule applies in instances where the litigation at hand cannot afford "complete relief" amongst the parties absent joinder of the required party.

17. The record reflects that, at Adversary Proceeding No. 17-02157-JAD, the Defendant acknowledged that debt due the Client Protection Fund of Maryland is non-dischargeable. As such, the only remaining issue that remains in this case is whether any debt remaining due Mr. & Mrs. Morris is non-dischargeable. It therefore appears that complete relief may be had in the adversary proceeding that is *sub judice.*

18. Fed.R.Civ.P. 19(a)(1)(B)(i) further provides that this rule applies when, as a "practical matter," the pending litigation "impairs or impedes" a

person's "ability to protect" his or her interests.  Again, in light of the Debtor's stipulation with the Client Protection Fund of Maryland, the only issue that remains *vis-a-viz* Mr. & Mrs. Morris is whether any debt to the Morris Plaintiffs' is non-dischargeable.  As such, the requirements of Fed.R.Civ.P. 19(a)(1)(B)(i) have not been met as there is no remaining open issues with respect to debts due the Fund.

19.    Fed.R.Civ.P. 19(a)(1)(B)(ii) also provides for compulsory joinder where the lawsuit at issue leaves "an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations . . . ."  This provision, however, is not triggered because Mr. Zimmer has acknowledged that the subrogated debt asserted by the Client Protection Fund of Maryland is non-dischargeable.  Furthermore, any concern regarding double or multiple payment has been vitiated because, at the hearing on this matter, Mr. Morris and the Client Protection Fund of Maryland indicated that they have resolved their differences and that a settlement stipulation will be forthcoming at Adversary Proceeding No. 18-2094-JAD.

20.    Given that the requirements of Fed.R.Civ.P. 19(a)(1) have not been met, the other provisions of Fed.R.Civ.P. 19 are not applicable.  See Baicker - McKee et al., Federal Civil Rules Handbook 626  (Thompson Reuters 2015). For these reasons, the Defendant's Motion to Dismiss for failure to join the Fund shall be denied.

21.    As it relates to the PACER Motion, the Plaintiffs did not dispute at

the hearing that a litigant is permitted to undertake independent third-party verification of admissions of a party opponent, and that a litigant does not necessarily have to accept the Plaintiffs' representations "lock, stock and barrel."[3]  For these reasons, the Plaintiffs agreed to withdraw their PACER Motion, without prejudice, at this time.  As such, an order shall be entered that denies the PACER Motion without prejudice.

22.  The above analysis does not necessarily end these matters, as this Court has the inherent authority to manage its own docket. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)(holding that courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

23.  11 U.S.C. § 105(a) also authorizes this Court to issue "any order, process, or judgment that is necessary or appropriate to carry out" the provisions of the Bankruptcy Code.

24.  To achieve the orderly and expeditious disposition of this adversary proceeding, this Court exercises its inherent authority and determines that it is appropriate to impose a limited stay of these proceedings and, if necessary, directs that the parties complete collateral proceedings that are ancillary to the debts that are subject to the Amended Complaint filed by the Plaintiffs.

---

[3] "Lock, stock and barrel" is a colloquialism that was not used at the hearing on this matter.  Rather, it is the Court's attempt in this Memorandum Opinion to summarize the colloquy with Mr. Morris at the hearing on the PACER Motion.

25. Specifically, pending further order of this Court, this Adversary Proceeding is stayed pending the filing and approval of a settlement stipulation between the Plaintiffs and the Client Protection Fund for Maryland at Adversary Proceeding No. 18-2094-JAD. It is appropriate to stay the Adversary Proceeding *sub judice* pending the aforementioned settlement, which settlement will narrow the points of contention in these proceedings.

26. This adversary proceeding is also stayed pending the adjudication of any claim that the debt due Mr. & Mrs. Morris was discharged in Mr. Zimmer's Florida bankruptcy case. Naturally, if the debt due the Plaintiffs was previously discharged, then the filing and prosecution of the instant adversary proceeding violates the discharge injunction issued by the Florida bankruptcy court  See 11 U.S.C. § 524(a).

27. A general principal of law is that "only the court which issues an injunction has the authority to enforce it." Warren v. Wells Fargo Bank, N.A., 2015 U.S. Dist. LEXIS 145047 at *13 (W.D. Pa. Oct. 21, 2015)(citing In re Beck, 283 B.R. 163, 166 (Bankr. E.D. Pa. 2002).

28. Thus, to the extent Mr. Zimmer contends that his Florida bankruptcy discharge applies to any debt due the Plaintiffs, it is incumbent to Mr. Zimmer that he obtain such a determination by the Florida bankruptcy court. It is therefore necessary and proper for this Court to impose a time frame for Mr. Zimmer to do so, as it is not appropriate to keep this adversary proceeding in limbo forever.

29. A sixty (60) day time period to file an appropriate proceeding by Mr. Zimmer in the United States Bankruptcy Court for the Southern District of Florida is reasonable. Therefore, to the extent Mr. Zimmer contends that the instant non-dischargeability action is barred by his S.D. of Florida bankruptcy discharge, he shall file such a proceeding within sixty (60) days of the date of this directive. Failure to do so, shall result in Mr. Zimmer being deemed to have waived and/or abandoned such a defense.

30. Inasmuch as the PACER Motion has been withdrawn, Mr. Zimmer (through counsel) is free to immediately serve his subpoena requesting the Plaintiffs' PACER activity (subject to all of the limitations imposed by the prior orders of this Court).

31. Likewise, grumblings have been made in this Bankruptcy Case, albeit in passing, that the Judgments obtained by the Plaintiffs may be duplicative.

32. The fact remains that the Judgments are final, and even if they were improvidently entered they are nonetheless enforceable against the Defendant. See United States Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 276 (2010).

33. The general rule is that absent extraordinary circumstances (which have not been averred or pleaded), proceedings to modify or set aside final judgments should be made to the court that rendered the judgment. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251-55 (3d Cir. 2008); Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc., 212

F.3d 1031, 1034 (7th Cir. 2000).

34. To the extent Mr. Zimmer intends to dispute the *bona fides* of any Judgment supporting the debt claimed by the Plaintiffs to be non-dischargeable, it is incumbent upon Mr. Zimmer, within sixty (60) days hereof, to commence the appropriate contested matter in the New York courts and obtain the requisite relief from the applicable final Judgment.

35. To be clear, the sixty (60) day window set forth in the paragraph above should not be construed as an order tolling or extending the time-period for Mr. Zimmer to bring such an action, especially if applicable law provides that such time period has expired.[4] Rather, to streamline the instant litigation and to move it to finality, this Court is merely exercising its inherent power to direct that the Defendant take action or be deemed to have abandoned or waived any defense based on the suggestion that the Judgments are somehow duplicative or otherwise not *bona fide*.

36. Also, to be abundantly clear, the automatic stay of this bankruptcy does not prevent the initiation of such collateral proceedings as they are "defensive" in nature and would not be proceedings "against" the debtor. See In re Northwood Flavors, Inc., 202 B.R. 63 (Bankr. W.D. Pa. 1996).

---

[4] See e.g. Fed.R.Civ.P. 60(b)(c)(requiring motions to modify or set aside judgments be filed within a "reasonable period of time" and, in instances where the judgment is entered due to mistake, newly discovered evidence or fraud, such reasonable period of time does not exceed "no more than a year after entry of the judgment"). Nothing contained in this Memorandum Opinion should be construed as a finding, either positively or negatively, on the issue of timeliness.

11

37. To be further abundantly clear, the Court is not encouraging or requiring the collateral litigation in the Florida bankruptcy court or the New York courts if the Defendant has determined that such defenses are not warranted. Rather, as set forth above, this Court has determined that concluding such matters serves the interest of bringing this adversary proceeding to an orderly disposition.

38. Finally, inasmuch as the Motion to Dismiss is being denied, the Defendant will be required to answer the Amended Complaint that is filed by the Plaintiffs at ECF No. 43.[5] The answer of the Defendant is to be filed within 14 days hereof.

An appropriate Order shall be entered.

Dated: June 27, 2018

_____
Jeffery A. Deller
Chief U.S. Bankruptcy Judge

cc:  Donald Calaiaro, Esq., counsel to the Defendant
    Mr. Daniel Morris & Mrs. Lucille Morris
    Rosemary Crawford, Esq., Chapter 7 Trustee
    Thomas Reilly, Esquire, counsel to the Client Protection Fund of Maryland

FILED
6/27/18 12:39 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

---

[5] As stated on the record, the Court is denying the Motion to Dismiss. As a result, the Court declined the Plaintiffs' request to file a further amendment to the Amended Complaint.