IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankr. No. 17-20543-JAD |
| DAVID H. ZIMMER, | ) | |
| | ) | **Chapter 7** |
| Debtor. | ) | **Adversary No. 17-2195-JAD** |
| | X | Related to ECF Nos. 75, 76, and 77 |
| DANIEL PETER MORRIS and LUCILLE AIOSA MORRIS, | ) ) ) | |
| Plaintiffs, | ) | |
| - v - | ) | |
| DAVID H. ZIMMER, | ) | |
| Defendant. | ) X | |

## MEMORANDUM OPINION

This adversary proceeding should be relatively straight forward. That is, the Plaintiffs–Mr. & Mrs Morris– filed proofs of claims emanating from certain judgments entered in both the New York state and federal courts (the "<u>Claims</u>") and arising out of wrongful conduct of the Defendant. That wrongful conduct has been described by the Plaintiffs as constituting, among other things, larceny.

The issue in this adversary proceeding is therefore whether such Claims are excepted from discharge pursuant to various statutes, including without limitation: 11 U.S.C. §§ 523(a)(2)(fraud), 523(a)(4)(larceny, embezzlement and/or

defalcation while a fiduciary), 523(a)(6)(willful and malicious injury to property of another), and 523(a)(13)(any payment of an order of restitution issued under title 18, United States Code).

Recently, the Defendant filed a document styled as a an *"Offer of Partial Judgment Pursuant to Rule 68 of the Federal Rules of Civil Procedure."* Nothing in the record reflects that the Plaintiffs have accepted the alleged offer of partial judgment.

Rule 68 of the Federal Rules of Civil Procedure (which is incorporated into this proceeding by operation of Rule 7068 of the Federal Rules of Bankruptcy Procedure) is silent as to whether it is appropriate for a litigant to file with the Court an unaccepted offer of judgment.

However, because Rule 68 only mentions "service" of offers and does not mention any "filing" of such offers, courts that have addressed the issue have held that "[n]o filing is permitted at the time of tender." Kason v. Amphenol Corp., 132 F.R.D. 197 (N.D. Ill. 1990)(citing Scheriff v. Beck, 452 F.Supp. 1254, 1259 (D.C.Colo.1978); Nabors v. Texas Co., 32 F.Supp. 91 (W.D.La.1940)). As a result, these courts have *sua sponte* issued orders striking unaccepted offers of judgment. Id. These decisions make sense, and this Court finds no reason why such an order should not be issued *sub judice*.

In addition, a review of the alleged "offer of partial judgment" tendered by the Defendant does cause the Court concern. That concern is whether an offer

has actually been submitted by the Defendant in the first place.

The Court informs the parties of this concern because the alleged offer appears to merely make conditional statements. The Court also informs the parties of this concern in order to avoid further unnecessary litigation[1] over whether a Rule 68 offer of judgment has been made in the first instance.

As to the document filed by the Defendant, its plain terms make the following statements: (a) that the Plaintiffs' adversary proceeding is barred by the discharge injunction entered in the Defendant's prior bankruptcy in Florida, (b) that the Defendant disputes the amount of the Plaintiffs' Claims, © that the Defendant disputes the Plaintiffs' standing to enforce the Claims as a result of Plaintiffs' subrogation agreement with the Client Protection Fund of the Bar Maryland,[2] and (d) that the liabilities for the Defendant's actions were settled to be non-dischargeable at Adversary Proceeding No. 18-2157 (which was filed by the Client Protection Fund of Maryland against Mr. Zimmer) and this conclusion is applicable to the Plaintiffs only if the conditions (a) through © above have not been met.

---

[1] The record in this bankruptcy case is that it has been highly contentious.

[2] Mr. Zimmer is a disbarred lawyer. See Morris v. Zimmer, 10 CV-4146(VB), 2011 WL 553339, at *3 (S.D.N.Y. November 10, 2011). The Plaintiffs used to be his clients and Mr. Zimmer was found to have "stolen" funds belonging to the Plaintiffs. See Morris v. Zimmer, 637 Fed.Appx. 654, 656 (2d Cir. 2016)(describing Zimmer as depositing "stolen" funds belonging to Mr. & Mrs. Morris). Apparently the Plaintiffs received payment in less than the full amount of the Claims from the Client Protection Fund of the Bar of Maryland, and this entity has asserted at least partial subrogation of the Claims in this bankruptcy case.

In deciphering the document filed, perhaps the Defendant is attempting to offer a concession, namely that the debt due the Plaintiffs' is non-dischargeable by virtue of the outcome at Adversary Proceeding No. 18-2157 (and thereby obviating a trial on whether the elements of 11 U.S.C. § 523 have been met).

But the document does not go that far. Rather, it asserts a number of defenses to this adversary proceeding– namely that the adversary is barred by the discharge order in Florida, that Plaintiff lacks standing in that the all of the Claims (in number and amount) are somehow owned by the Client Protection Fund of the Bar of Maryland and not the Plaintiffs, and that there is some dispute as to the Plaintiffs' claim calculation.

If the Defendant is indeed making an unconditional offer of judgment, then the Defendant should clearly and unambiguously state what it is. Stated in other words, if the Defendant desires to make a Rule 68 offer of judgment, it must do so on "specified terms." See Fed.R.Civ.P. 68(a). This requirement is important because courts have held that the plaintiff "must know unequivocally what is being offered in order to be responsible for refusing such an offer." Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 764 (4th Cir. 2011). In addition, the parties should govern themselves accordingly because conditional offers, and whether they are subject to Rule 68 in the first instance, is the subject of court decisions elsewhere. See e.g. Id. at 764 (noting that the conditional offer in Simmons did not fall within the rubric of a Rule 68 offer of judgment).

In any event, this Court encourages the parties to reach a settlement, and sees no reason why this adversary proceeding cannot be resolved in *toto*. Nonetheless, because the *Offer of Partial Judgment Pursuant to Rule 68 of the Federal Rules of Civil Procedure* should not have been filed with the Court, it should be stricken per the case law cited above.[3]

Of course, the foregoing does not end the matter. The docket reflects that the Plaintiffs and Defendant filed dueling *Joint Discovery Plans* at ECF #'s 76 and 77.

These disputed *Joint Discovery Plans* reflect that the parties cannot agree on the scope of discovery. The documents filed by the parties again contend that a number of the disputes between them relate to a prior bankruptcy discharge order enter in Florida in favor of Mr. Zimmer, the amounts and *bona fides* of the judgments rendered in New York,[4] and whether the Plaintiffs can enforce the Claims in light of the Plaintiffs' agreement with the Client Protection Fund of the Bar of Maryland.[5]

---

[3] Nothing contained in this Memorandum Opinion should be construed as a ruling on the admissibility or inadmissibility of unaccepted offers of judgment. In fact, whether it is admissible is subject to the provisions of Fed.R.Civ.P. 68(b) and case law decided thereunder.

[4] The Defendant has not articulated the basis of any "calculation" based dispute. The Second Circuit Court of Appeals has held that the "district court correctly calculated the damages award and applied the appropriate rates of prejudgment and post-judgment interest." Morris, 637 Fed.Appx. at 656.

[5] The documents reflect that there are other disputes regarding the scope of discovery. Once the issues in this case are refined or narrowed, the Court will be in a position to determine whether some of the other discovery suggested or requested is proper or appropriate.

The manner and method in which most of these items are to be adjudicated are set forth more fully in this Court's June 27, 2018 Memorandum Opinion and Order denying the Defendant's *Motion to Dismiss.* See ECF #'s 62 and 63.

As it relates to both the challenges to the judgments giving rise to the Claims and to the defense based on the Florida discharge order, this Court's Memorandum Opinion of June 27, 2018 states, in pertinent part, as follows:

> 26. This adversary proceeding is also stayed pending the adjudication of any claim that the debt due Mr. & Mrs. Morris was discharged in Mr. Zimmer's Florida bankruptcy case. Naturally, if the debt due the Plaintiffs was previously discharged, then the filing and prosecution of the instant adversary proceeding violates the discharge injunction issued by the Florida bankruptcy court. See 11 U.S.C. § 524(a).
>
> 27. A general principal of law is that "only the court which issues an injunction has the authority to enforce it." Warren v. Wells Fargo Bank, N.A., 2015 U.S. Dist. LEXIS 145047 at *13 (W.D. Pa.)(citing In re Beck, 283 B.R. 163, 166 (Bankr. E.D. Pa. 2002).
>
> 28. Thus, to the extent Mr. Zimmer contends that his Florida bankruptcy discharge applies to any debt due the Plaintiffs, it is incumbent to Mr. Zimmer that he obtain such a determination by the Florida bankruptcy court. It is therefore necessary and proper for this Court to impose a time frame for Mr. Zimmer to do so, as it is not appropriate to keep this adversary proceeding in limbo forever.
>
> 29. A sixty (60) day time period to file an appropriate proceeding by Mr. Zimmer in the United States Bankruptcy Court for the Southern District of Florida is reasonable. Therefore, to the extent Mr. Zimmer contends that the instant non-dischargeability action is barred by his S.D. of Florida bankruptcy discharge he shall file such a proceeding within sixty (60) days of the date of this directive. Failure to do so, shall result in Mr. Zimmer being deemed to have waived and/or abandoned such a defense.
>
> 30. Inasmuch as the PACER Motion has been withdrawn, Mr.

Zimmer (through counsel) is free to immediately serve his subpoena requesting the Plaintiffs' PACER activity (subject to all of the limitations imposed by the prior orders of this Court).

31.  Likewise, grumblings have been made in this bankruptcy case, albeit in passing, that the Judgments obtained by the Plaintiffs may be duplicative.

32.  The fact remains that the Judgments are final, and even if they were improvidently entered they are nonetheless enforceable against the Defendant. See United States Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 276 (2010).

33.  But, the general rule is that absent extraordinary circumstances (which have not been averred or pleaded), proceedings to modify or set aside final judgments should be made to the court that rendered the judgment. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251-55 (3d Cir. 2008); Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc., 212 F.3d 1031, 1034 (7th Cir. 2000).

34.  To the extent Mr. Zimmer intends to dispute the *bona fides* of any Judgment supporting the debt claimed by the Plaintiffs to be non-dischargeable, it is incumbent upon Mr. Zimmer (within sixty (60) days hereof) to commence the appropriate contested matter in the New York courts and obtain the requisite relief from the applicable final Judgment.

35.  To be clear, the sixty (60) day window set forth in the paragraph above should not be construed as an order tolling or extending the time period for Mr. Zimmer to bring such an action, especially if applicable law provides that such time period has expired. Rather, to streamline the instant litigation and to move it to finality, this Court is merely exercising its inherent power to direct that the Defendant take action or be deemed to have abandoned or waived any defense based on the suggestion that the Judgments are somehow duplicative or otherwise not *bona fide*.

36.  Also, to be abundantly clear, the automatic stay of this bankruptcy does not prevent the initiation of such collateral proceedings as they are "defensive" in nature and would not be proceedings "against" the debtor. See In re Northwood Flavors, Inc.,

202 B.R. 63 (Bankr. W.D. Pa. 1996).

> 37. To be further abundantly clear, the Court is not encouraging or requiring the collateral litigation in the Florida bankruptcy court or the New York courts if the Defendant has determined that such defenses are not warranted. Rather, as set forth above, this Court has determined that concluding such matters serves the interest of bringing this adversary proceeding to an orderly disposition.

See ECF #62 at ¶¶ 26-37 (footnote omitted).

An Order consistent with the June 27, 2018 Memorandum Opinion was also entered by the Court, which states, in pertinent part, as follows:

> 4. This adversary proceeding is stayed pending the earlier of (x) further Order of this Court or (y) the completion of all of the following:
>
> (A) The filing and approval of a settlement stipulation between the Plaintiffs and the Client Protection Fund for Maryland at Adversary Proceeding No. 18-2094-JAD; and
>
> (B) The earlier of (I) an adjudication by the United States Bankruptcy Court for the Southern District of Florida as to whether any debt due the Plaintiffs from Mr. Zimmer was discharged in Mr. Zimmer's bankruptcy case filed at Bankruptcy No. 05-31723 (S.D. Fla.), or (II) the abandonment or waiver of any defense based on the discharge order entered at Bankruptcy No. 05-31723 (S.D. Fla.); and
>
> (C) The earlier of (I) an adjudication by the pertinent issuing Court of New York that the applicable Judgments are voided or modified, or (II) the abandonment or waiver of any defense based on the allegation that such applicable Judgment is not *bona fide* or is improperly duplicative of any other judgment or debt against Mr. Zimmer.

>   5.  To the extent warranted, and within 60 days hereof, Mr. Zimmer shall file the appropriate contested matter(s) in the New York and Florida issuing courts seeking the adjudications set forth in paras. 4(B) and 4(C) above. Failure to timely do so shall result in such defenses being deemed forever waived and abandoned in this adversary proceeding.  If such proceedings are timely filed, counsel to the Defendant shall file a status report with the Court within 60 days hereof, and then each 60 day successive period thereafter, advising the Court of the general status (and if applicable the disposition) of such proceedings.  If no proceedings are commenced, then by the initial 60 day period set forth herein, the Defendant shall advise the Court in writing of the same.

See ECF #63 at ¶¶4-5.

As can be seen by June 27, 2018 Memorandum Opinion and Order, the Florida discharge issue and challenges to the New York Judgments are left for the Defendant to seek relief in the issuing courts.  As such, these discovery disputes are better left to the issuing courts and it is not appropriate for this Court to rule upon the disputed discovery (or scope of discovery) as it relates to these items at this time.

The same holds true as it relates to the standing issue raised by the Defendant.  Specifically, the Defendant contends that the Plaintiffs' standing is vitiated by agreement(s) the Plaintiffs' have with the Client Protection Fund for the Bar of Maryland.

At a prior hearing, however, counsel to the Client Protection Fund stated that this entity had reached some sort of accord with Mr. & Mrs. Morris as it

relates to Adversary 18-2094-JAD, which in-turn would resolve the so-called standing issue. The parties were then to file a settlement stipulation with the Court, and the present Adversary Proceeding was stayed pending the settlement. However, for reasons unknown to the Court, no settlement stipulation was filed and Mr. & Mrs. Morris instead moved to dismiss the lawsuit filed by the Client Protection Fund at Adversary Proceeding 18-2094-JAD. This motion to dismiss remains pending.

Inasmuch as the lawsuit filed by the Client Protection Fund could conceivably impact whether the Plaintiffs' have standing to assert some or all of the Claims, it is appropriate to stay the discovery disputes and this Adversary Proceeding pending the outcome of Adversary 18-2094-JAD. Therefore, this Court shall defer scheduling a discovery plan conference on until such time (1) all of the action items contained in the June 27, 2018 Order are completed (or the time periods expire with no action) and (2) Adversary 18-2094-JAD is finally adjudicated (by way of settlement or final order of this Court).

Lastly, the Court reminds the parties of their relative obligations under Fed.R.Bankr.P. 9011, and the consequences if the requirements of this rule are not met.

An appropriate Order shall be issued.

Date: August 20, 2018

_____
Jeffery A. Deller
Chief U.S. Bankruptcy Judge

cc: Donald Calaiaro, Esq., counsel to the Defendant
Mr. Daniel Morris & Mrs. Lucille Morris
Rosemary Crawford, Esq., Chapter 7 Trustee
Thomas Reilly, Esquire, counsel to the Client Protection Fund of Maryland

FILED
8/20/18 12:30 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA